UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CARI A. BART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-1382 |
| | ) | |
| KATIE MARIE LEGG, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff Cari A. Bart's ("Plaintiff") Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) and Motion to Request Counsel (ECF No. 3). For the reasons stated herein, the Motion for Leave to Proceed *in forma pauperis* is DENIED and the Motion to Request Counsel is MOOT. The Court also DISMISSES the case without prejudice for lack of subject matter jurisdiction.

## ANALYSIS

  a. *Leave to Proceed in Forma Pauperis*

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As a result, it allows an indigent party to commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress." § 1915(a). The motion requires the Court to make two determinations. First, the Court must decide whether Plaintiff is truly unable to pay the filing fee associated with this case. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1988). If

Plaintiff is unable to pay the filing fee, then the Court must then determine if the complaint is frivolous or malicious. *Id;* § 1915.

Here, Plaintiff's application indicated that she has no dependents; however, her tax return reflects that she has three dependents. (ECF No. 1-1). Plaintiff also alleged that she needed her tax refund in order to obtain items for her daughter that was born in July 2018. (ECF No. 1 at 6). Additionally, Plaintiff stated that her take-home pay is $312.00 per week, which totals approximately $1341.60 monthly. (ECF No. 2 at 1). Her monthly expenses are limited to $575.00 for rent and she owns no property. *Id.* at 2. This would leave Plaintiff with $766.60 remaining. Nonetheless, Plaintiff stated the amount of money she has in cash or in a checking or savings account is $0.00. *Id.* As a result, the Court finds that the affidavit lacks credibility and there is an insufficient basis to grant *in forma pauperis* status to Plaintiff.

b. *Sua Sponte Review of the Complaint*

A complaint filed by any person proceeding *in forma pauperis* is subject to a mandatory *sua sponte* review and dismissal by the court to the extent it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When evaluating whether a pro se plaintiff has stated a claim under § 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take "all well-pleaded allegations of the complaint as true and view [ ] them in the light most favorable to the plaintiff." *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). A plaintiff need only give " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a pro se

complaint is to be construed liberally and held to "less stringent standards than a formal pleading by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Here, Plaintiff's Complaint is subject to dismissal because as pleaded, the Court lacks jurisdiction over it. First, the Complaint provides no basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff merely alleges that Defendant kept the tax refund from her 2017 filings and that Defendant filed a different copy of the return than the one provided to Plaintiff. From this set of alleged facts, the Court finds no reasonable inference that a federal statute was violated. Additionally, Plaintiff left the area blank under the section where she was required to indicate the federal legal basis for her Complaint. (ECF No. 1 at 1). Even if Plaintiff was unsure, she could have checked "unknown." Second, if Plaintiff intended to allege diversity jurisdiction, the Complaint fails to properly invoke it. For diversity jurisdiction to exist, there must be complete diversity of citizenship between the parties and the amount of controversy must exceed $75,000.00. 28 U.S.C. § 1332(a). Plaintiff did not provide any address for Defendant and does not allege that the amount in controversy exceeds $75,000.00. (ECF No. 1 at 2). Therefore, the Court lacks jurisdiction on this basis as well. Accordingly, the Complaint fails to state a claim upon which relief may be granted and must be dismissed under § 1915(e)(2).

As a result of the foregoing, the Court also finds Plaintiff's request for counsel moot.

## CONCLUSION

For the reasons stated herein, the Motion for Leave to Proceed in *forma pauperis* (ECF No. 2) is DENIED and the Motion to Request Counsel (ECF No. 3) is MOOT. The Court DISMISSES the Complaint without prejudice for lack of subject matter jurisdiction. This case is now TERMINATED.

ENTERED this 12th day of December, 2019.

                                              /s/ Michael M. Mihm
                                              Michael M. Mihm
                                       United States District Judge